IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| JARON PARRISH, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 5:20-00710 |
| D.L. YOUNG, | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Petition, the undersigned finds and respectfully recommends that Petitioner's Petition should be dismissed.

**FACT AND PROCEDURE**

A.  **Criminal Action No. 1:18-cr-00577:**

On January 3, 2019, Petitioner pled guilty in the United States District Court for the Northern District of Ohio to one count of possession of a firearm and ammunition by a felon in violation of 18 U.S. §§ 922(g)(1). (Document No. 10-2.); United States v. Parrish, Case No. 1:18-cr-00577 (N.D.Oh. May 1, 2019), Document No. 17. On May 1, 2019, the District Court sentenced Petitioner to a total term of 84-months of imprisonment, to be followed by a three-year term of supervised release. (Document No. 10-3.); Parrish, Case No. 1:18-cr-00577, Document No. 26.

On May 8, 2019, Petitioner filed his Notice of Appeal. Id., Document No. 46. In his appeal, Petitioner argued that the District Court imposed a substantively unreasonable sentence "because

the district court put too much emphasis on his criminal background, conduct while in custody, and dangerousness to the public, while not putting enough emphasis on his completion of rehabilitative programs while he was previously incarcerated and his ability to secure employment after his release." (Document No. 10-4.) On January 2, 2020, the Sixth Circuit affirmed Petitioner's sentence. (Id.).

**B.    Section 2255 Motion:**

On May 19, 2020, Petitioner filed in the Northern District of Ohio a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Document No. 10-5.) Citing United States v. Rehaif, Petitioner first argued that his conviction under Section 922(g)(1) must be reversed because "the Court below did not recognize that knowledge of the status is an element of that offense." (Id.) Second, Petitioner argued that his trial counsel acted ineffectively in allowing Petitioner to be "convicted without the argument of the charge missing the fourth element." (Id.) By Judgment Order entered on September 4, 2020, the District Court denied Petitioner's Section 2255 Motion. (Document No. 10-6.)

**C.    Instant Section 2241 Petition:**

On October 26, 2020, Petitioner, acting *pro se*, filed his instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Memorandum in Support.[1] (Civil Action No. 5:20-00710, Document Nos. 1 and 2.) In his Petition, Petitioner first alleges he is actually innocent of his conviction under 18 U.S.C. 922(g). (Id.) Specifically, Petitioner challenges the validity of his conviction based upon Rehaif v. United States, 139 S.Ct. 2191 (2019), Gary v. United States, 954

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

F.3d 194 (4th Cir. 2020), and Lockhart v. United States, 947 F.3d 187 (4th Cir. 2020). (Id.) Petitioner explains that in Rehaif, the Supreme Court held that the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. (Id.) Second, Petitioner argues the Court committed instructional error by failing "to instruct the grand jury that defendant had to have knowledge of his status as a person barred from possession of a firearm." (Id.) Thus, Petitioner explains that he "is actually innocent of 922(g) [because] the district attorney did not instruct the grand jury 'That in order to indict [Petitioner] of 922(g)(1) they would also have to prove [Petitioner] knew of his status of being a person barred from possession of a firearm.'" (Id.) Third, Petitioner argues that his conviction violates the Fifth and Sixth Amendments. (Id.) Petitioner complains that during his plea hearing, Petitioner "was not properly advised of all required elements of the 922(g) offense, which is a structural error." (Id.) Petitioner contends that "[w]ithout any proof that [Petitioner] was aware of his status at the time he possessed the firearm, his conviction is erroneous under Rehaif. That error is also plain." (Id.) Petitioner asserts that "a conviction in the absence of sufficient evidence will almost always satisfy all four plain-error requirements." (Id.) Petitioner argues that "[t]he record adequately shows that neither the indictment's charging language, nor its factual allegations, provided notice that [Petitioner] would have to defend against the allegation that he knew his prohibited status." (Id.) Finally, Petitioner argues that Section 2255 is inadequate or ineffective to challenge his conviction because the "Sixth Circuit does not honor the Rehaif error." (Id.) Petitioner acknowledges he asserted the above argument in his Section 2255 Motion, but his "meritorious" motion was denied by the sentencing court. (Id.)

By Order entered on November 5, 2020, the Court ordered that Respondent file an Answer

to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Id., Document No. 6.) On December 16, 2020, Respondent filed his Response to the Order to Show Cause. (Id., Document No. 10.) Respondent contends that Petitioner's Petition is improper under Section 2241 and should be dismissed. (Id.) Respondent argues that "Petitioner's claim is exactly the type of claim that is properly brought in a § 2255 petition, as it involves the imposition rather than the execution of a sentence." (Id.) Respondent further contends that the "savings provision of § 2255 is not applicable to the Petition at hand [because] Petitioner has not shown that his remedies under § 2255 were ineffective." (Id.) Respondent argues that "Rehaif offers no relief pursuant to the savings provision of § 2255." (Id.) Respondent notes that Petitioner pled guilty to being a felon in possession of a firearm and ammunition and "a knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction." (Id.) Additionally, Respondent argues that "any claims that the conduct underlying Petitioner's conviction has been deemed not criminal is incorrect." (Id.) Respondent contends that "several courts within the Fourth Circuit have held that Rehaif did not change substantive law because the conduct for which the petitioner was convicted is still illegal." (Id.) Finally, Respondent notes that "Petitioner previously filed a § 2255 motion in the United States District Court for the Northern District of Ohio alleging the same grounds he alleges in the instant Petition that is pending before this court" and his Section 2255 was denied. (Id.)

In Reply, Petitioner states that he "can demonstrate an entitlement to resort to the savings clause by showing that the remedy under Section 2255 is inadequate or ineffective to test the legality of his detention." (Document No. 15.) Petitioner contends he can satisfy all prongs of Jones. (Id.) First, Petitioner argues he can meet the first prong because "settle law established the

4

legality of his conviction at the time of sentencing." (Id., pp. 4 – 5.) Petitioner explains that at the time of his sentencing, "it was settled that a § 922(g) offense did not require proof that Petitioner was aware of his prohibit status in order for conviction." (Id.) Next, Petitioner contends he can satisfy the second prong because "substantive law changed and establishes actual innocence." (Id., pp. 5 – 12.) Citing Rehaif, Petitioner argues that substantive law changed after Petitioner's direct appeal and initial Section 2255 motion. (Id.) Petitioner contents that after the Rehaif decision, Petitioner's "current conduct on the record is non-criminal under the § 922(g) statute." (Id.) Finally, Petitioner argues he can satisfy the third prong because he cannot meet the gatekeeping provisions of Section 2255(h)(2). (Id., pp. 12 – 14.) Petitioner explains that he cannot satisfy the provisions of Section 2255(h)(2) because Rehaif involves an interpretation of statutory law. (Id.) Petitioner, therefore, argues that he is entitled to relief under Section 2241. (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite

different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and resulting sentence as imposed by the Northern District of Ohio. Specifically, Petitioner alleges that his Section 922(g) conviction is invalid based upon Rehaif. In Rehaif, the United States Supreme Court considered whether under 18 U.S.C. § 922(g), the government must prove that an individual knew both that he engaged in the prohibited conduct of possessing a firearm and had obtained the relevant status which made his possession of the firearm illegal. United States v. Rehaif, ___ U.S. ___, 139 S.Ct. 2191, 2194, 204 L.Ed.2d 594 (2019). Petitioner is clearly challenging the validity of his conviction, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the

appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Northern District of Ohio. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Sixth Circuit Court of Appeals.[2]

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claim under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive

---

authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A). The undersigned further notes that the Sixth Circuit has determined that "the rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *See Khamishi-El v. United States*, 800 Fed.Appx. 344, 349 (6th Cir. 2020). The Sixth Circuit further determined that "*Rehaif's* change in statutory interpretation cannot be considered 'newly discovered evidence.'" *Id.*

law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect."[3] Id. at 429. The Wheeler Court, however, clarified that "there is no doubt

---

[3] In *Wheeler*, the United States filed a petition for rehearing en banc and the Fourth Circuit stayed the mandate pending a ruling on that motion. By Order entered on June 11, 2018, the Fourth Circuit denied the petition for rehearing en banc. *United States v. Wheeler*, 734 Fed.Appx. 892 (4th Cir. 2018); *United States v. Wheeler*, No. 16-6073, Document No. 60. In denying the petition, Circuit Judge Agee explained as follows:
> The issues in this case are of significant national importance and are best considered by the Supreme Court at the earliest possible date in order to resolve an existing circuit split that the panel decision broadens even farther. Because of the potential that the case may become moot if Wheeler is released from incarceration in October 2019, as projected, I have not requested a poll of the Court upon the petition for rehearing en banc in order to expedite the path for the Government to petition for certiorari to the Supreme Court.

*Id.* The United States filed a Motion to Stay Mandate on June 13, 2018, Wheeler filed his Response in Opposition on June 14, 2018 and the United States filed its Reply on June 18, 2018. *Id.*, Document Nos. 61, 63 and 65. By Order entered on June 18, 2018, the Fourth Circuit denied the United States' Motion to Stay Mandate. *Id.*, Document No. 66. The Fourth Circuit issued its Mandate on June 26, 2018. *Id.*, Document No. 67. A petition for writ of certiorari was filed on October 3, 2018. *United States v. Wheeler*, Case No. 18-00420. The United States Supreme Court denied the petition for writ of certiorari on March 18, 2019. *United States v. Wheeler*, 139 S.Ct.

that *Jones* is still good law in this circuit." Id. at 427. In evaluating Petitioner's Section 2241 Petition, this Court applies Fourth Circuit procedural law and Sixth Circuit[4] substantive law. Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019)("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."); Bender v. Carter, 2013 WL 5636745, * 2 (N.D.W.Va. Oct. 15, 2013)(the substantive law of the court of conviction should apply to a Section 2241 Petition, but procedural law of the reviewing court should govern its application), aff'd, 564 Fed.Appx. 694 (4th Cir. 2014).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. In support of his Section 2241 Petition, Petitioner argues that his Section 922(g) conviction should be overturned in light of Rehaif. Petitioner, however, cannot satisfy the second prong of either the Jones or Wheeler test. Specifically, Petitioner does not allege any substantive change in settled law occurring *subsequent* to Petitioner's first Section 2255 motion. The undersigned notes that Petitioner unsuccessfully pursued his Rehaif claim in his first Section 2255 Motion. See Pollock v. Kallis, 2021 WL 799460, * 3 (D.Minn. Jan. 13, 2021)(finding that Section 2255 was not inadequate or ineffective where petitioner had an earlier "unobstructed procedural shot" at asserting his *Rehaif* claim). Section 2255 is not rendered inadequate merely because Petitioner has unsuccessfully pursued his claim in a prior Section 2255 Motion. Additionally, Rehaif did not change substantive law. Courts within the Fourth and Sixth Circuits have held that Rehaif did not change substantive law if the conduct for which the petitioner was convicted is still

---

1318 (2019).

[4] Petitioner was convicted in the Sixth Circuit, therefore, the substantive law of the Sixth Circuit controls.

illegal and being a felon in possession of a firearm is still a valid criminal offense. See Deandre v. Adams, 2021 WL 932024, * 4 (N.D.W.Va. March 11, 2021)(collecting cases)(finding that "petitioner cannot satisfy the second condition under *Jones* because *Rehaif* did not change substantive law"); Harbin v. Streeval, 2021 WL 137843, at * 3 (W.D.Va. Jan. 14, 2021)(Petitioner's *Rehaif* claim did not meet the second criteria of *Jones*); Kerr v. Ormond, 2020 WL 7028706, * 3 (E.D. Ky. Nov. 30, 2020)(denying Section 2241 petition based upon *Rehaif* explaining that petitioner's stipulation to or admission of a prior felony permits inference of knowledge of prohibited status and forecloses actual innocence claim); Hoffman v. Breckon, 2020 WL 929589, at * 9 (W.D.Va. Feb. 26, 2020)(collecting district court cases in the Fourth Circuit finding that Section 2241 petitioner could not satisfy the second prong of Jones based on *Rehaif*); Swindle v. Hudgins, 2020 WL 469660, * 2 (N.D.W.Va. Jan. 29, 2020)("[T]he crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); Moss v. Dobbs, 2019 WL 7284989, * 9 (D.S.C. Sept. 23, 2019)(finding that a petitioner invoking *Rehaif* cannot satisfy the *Jones* test because no substantive change in law occurred), proposed finding and recommendation adopted by 2019 WL 5616884 (D.S.C. Oct. 21, 2019). To the extent Petitioner relies upon Gary and Lockhart, his reliance is misplaced. Gary and Lockhart do not aid Petitioner because neither case establishes that Rehaif is a substantive change in the law that could satisfy the second element of the Jones test.[5] In fact, the Fourth Circuit's

---

[5] The undersigned first notes that Petitioner is relying on Fourth Circuit substantive law and Petitioner was convicted in the Sixth Circuit. Even considering *Lockhart* and *Gary*, Petitioner is not entitled to relief. In *Lockhart*, the Fourth Circuit determined that the failure to properly advise Lockhart of his sentencing exposure under the Armed Career Criminal Act *and* the *Rehaif* error "in the aggregate" were sufficient to establish prejudice for purposes of plain error review. *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020). In *Gary*, the defendant pled guilty to possession of a firearm and ammunition by a person convicted of a felony. *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). Gary appealed his conviction to the Fourth Circuit. *Id.* While Gary's appeal was pending, *Rehaif* was decided by the United States Supreme Court and Gary filed a letter

11

decision in Gary was recently reversed by the United States Supreme Court. Greer, et al. v. United States, 141 S.Ct. 2090 (2021). Therefore, Petitioner does not establish any substantive change in settled law occurring after the filing of his Section 2255 Motion that decriminalized the conduct

---

pursuant to Rule 28(j) asserting that the recent decision in *Rehaif* was relevant to his appeal. *Id.* at 199. In considering Gary's appeal, the Fourth Circuit acknowledged that in *Lockhart*, the Fourth Circuit determined that the failure to properly advise Lockhart of his sentencing exposure under the Armed Career Criminal Act and the *Rehaif* error "in the aggregate" were sufficient to establish prejudice for purposes of plain error review. *Id.* at 199-200. Thus, the Fourth Circuit considered and determined that a standalone *Rehaif* error satisfies plain error review because such an error was structural, which per se affects a defendant's substantial rights. *Id.* at 200-08. Reviewing Gary's plea challenge for plain error, the Fourth Circuit determined "that it is plain error to accept a guilty plea based on a pre-*Rehaif* understanding of the elements of a § 922(g)(1) offense." *Id.* at 202. Therefore, the Fourth Circuit vacated Gary's plea and conviction and remanded the case to the district court. *Id.* at 208. On January 8, 2021, the United States Supreme Court granted certiorari. *United States v. Gary*, ___ U.S. ___, 141 S.Ct. 974, 208 L.Ed.2d 510 (2021). On June 14, 2021, the Supreme Court reversed the Fourth Circuit's above judgment. *Greer, et al. v. United States*, ___ U.S. ___, 141 S.Ct. 2090, ___ L.Ed.2d ___ (2021). Specifically, the Supreme Court determined that Gary could not establish that the *Rehaif* error affected his "substantial rights" pursuant to Rule 52(b). *Id.* at 2096-97. The Supreme Court explained as follows:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." 963 F.3d 420, 423 (CA4 2020)(Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant *knew* he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decisions to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the *Rehaif* error, the outcome of the district court proceedings would have been different.

*Id.* at 2097. The Supreme Court concluded that Gary failed to carry his burden of showing that the *Rehaif* error affected his substantial rights because Gary had been convicted of multiple felonies, he never disputed the fact of his prior convictions, and he admitted that he was a felon when he pled guilty. *Id.* at 2097-98. When Petitioner pled guilty in the Northern District of Ohio, Petitioner admitted that he "possessed the weapon and ammunition, all of which had previously moved in interstate commerce, after sustaining the following felony conviction punishable by imprisonment for a term exceeding one year: Burglary, in Case Number CR-11-546513, in Cuyahoga County Common Pleas Court, on or about September 12, 2012." (Document No. 10-2, p. 7.)

of his conviction.[6] Based on the foregoing, the undersigned respectfully recommends that the District Court dismiss Petitioner's Section 2241 Petition.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Section 2241 Petition (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

---

[6] Even assuming Petitioner could meet the *Jones* test, Petitioner waived the right to collaterally attack his conviction and resulting sentence except on grounds of ineffective assistance of counsel or prosecutorial misconduct. (Document No. 10-2.) *Rehaif* addressed the elements the government had to prove at trial to establish a defendant's guilt under Section 922(g). A review of Petitioner's underlying criminal proceedings reveal that Petitioner pled guilty to one count of Section 922(g), thereby conceding the United States had proved its case. The Sixth Circuit has held "a change in law cannot render a plea agreement unknowing." *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017). "A voluntary plea agreement 'allocates risk,' and '[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" *Slusser v. United States*, 895 F.3d 437, 440 (6th Cir. 2018). By waiving the right to appeal or collaterally attack a conviction, "a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse." *Id.*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Volk, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: July 13, 2021.

Omar J. Aboulhosn
United States Magistrate Judge